UNITED STATES of America, Plaintiff,

v.

INTERLAKE, INC., Defendant.

No. 76 C 3599.

United States District Court,
N. D. Illinois, E. D.

Feb. 11, 1977.

Thomas G. Dent, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

W. Gerald Thursby, Lawrence A. McHugh, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of the defendant to dismiss the complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted or, in the alternative, for a stay. For the reasons hereinafter stated, the motion to dismiss shall be denied and the motion for a stay shall be granted.

Plaintiff, United States of America, has invoked this court's jurisdiction under 42 U.S.C. § 1857c–8(b)(2) and 28 U.S.C. § 1345. It seeks injunctive relief to prohibit defendant, Interlake, Inc., from operating its by-product coke production facility in Chicago, Illinois, in violation of the Clean Air Act, 42 U.S.C. § 1857 *et seq.* ("Act").

It is alleged that the Administrator of the Environmental Protection Agency ("Administrator"), pursuant to Section 110 of the Act, 42 U.S.C. § 1857c–5, approved a plan submitted by the State of Illinois for the implementation, maintenance and enforcement of air quality standards. The plan, approved May 31, 1972, included Illinois Pollution Control Board Rule 203(d)(6)(B)(ii)(bb)[1] ("Rule 203") which requires that all coke oven facilities in Illinois be equipped with certain emission control systems on and after December 31, 1974.

Plaintiff further alleges that the Administrator, pursuant to Section 110 of the Act, promulgated a revision to the Illinois implementation plan on August 23, 1973, requiring certain steps toward compliance with Rule 203 at 40 C.F.R. 52.730(b)(2)(ii).[2] It is further alleged that notice was given the defendant and the State of Illinois, as required by Section 113 of the Act, 42 U.S.C. § 1857c–8, on August 16, 1974, advising that defendant's production facility was in violation of the implementation plan. Finally, plaintiff alleges that defendant has been in violation of Rule 203 and of 40 C.F.R. 52.-730(b)(2)(ii) since December 31, 1974.

Initially, defendant has moved to dismiss the complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. It notes that Rule 203 requires that all coke ovens be equipped with certain devices on and after December 31, 1974. It further points out that plaintiff's notice is alleged to have been mailed on August 16, 1974. Defendant thus concludes that there has been no notice of a Rule 203 violation as required by the Act as there was no requirement of

---

1. Rule 203(d)(6)(B)(ii)(bb) provides:

    On and after December 31, 1974, all coke oven facilities shall be equipped with enclosed pushing and quenching systems with particulate collection equipment, or shall employ alternative methods of comparable effectiveness in reducing emission during pushing and quenching.

2. 40 C.F.R. 52.730(b)(2)(ii) required that the following steps be taken toward compliance with Rule 203's required emissions systems: (a) advertisement for bids by September 30, 1973; (b) award of contracts by November 15, 1973; (c) initiation of on site construction or installation by March 31, 1974; (d) completion of construction or installation by October 31, 1974; and (e) final compliance by December 31, 1974.

compliance with Rule 203 when the notice was mailed. In addition, defendant maintains that the notice of August 16, 1974, is an insufficient basis on which to maintain this action for an alleged violation of Rule 203 as the notice fails to allege a violation of Rule 203.

In response, plaintiff observes that its revision to the implementation plan of August 23, 1973, required that certain acts be completed by certain dates. It further points out that the notice of August 16, 1974, informed the defendant and the State of Illinois of defendant's failure to comply with the first three requirements of this revision to the plan of implementation and that the notice further informed the defendant and the State of Illinois that defendant's then current control equipment did not comply with Rule 203. Finally, plaintiff asserts that various letters have since been mailed to the defendant and to the State of Illinois in 1976 in which subsequent findings and notices of a violation of Rule 203 were given.

Section 113(b)(2) of the Act, 42 U.S.C. § 1857c–8(b)(2), *inter alia*, permits the Administrator to bring a civil action whenever any requirement of an implementation plan is violated. However, said action can only be commenced "more than 30 days after" notice by the Administrator under Section 113(b)(1), 42 U.S.C. § 1857c–8(b)(1), of a finding of a violation. Section 113(b)(1), *inter alia*, provides that whenever the Administrator finds a violation of any requirement of an applicable plan, he shall notify the violator and the state in which the plan applies of his finding.

As noted, defendant objects to the instant litigation asserting that proper notice was not given. It maintains that the court lacks subject matter jurisdiction or that plaintiff has failed to state a claim upon which relief can be granted. The court disagrees.

■ Subject matter jurisdiction here is proper under 28 U.S.C. § 1345.[3] Further, a

complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it is clear beyond doubt that the pleader can prove no set of facts which could entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Any doubts which exist must be resolved in favor of the plaintiff. *Burns v. Paddock*, 503 F.2d 18, 25 (7th Cir. 1974).

■ In the instant case, it is undisputed that the Administrator advised the defendant and the State of Illinois in August, 1974, that defendant had violated the three initial requirements of the revision to the relevant implementation plan. A civil action is therefore proper under the Act seeking relief for these violations as notice required by Section 113 was clearly given. Plaintiff's complaint, on its face, alleges a violation not only of Rule 203 but also of 40 C.F.R. 52.730(b)(2)(ii).

■ A more difficult issue is whether plaintiff may also proceed alleging a violation of Rule 203 when as here a notice of violation preceded the date of Rule 203's effectiveness. Assuming arguendo, that the notice of August, 1974, is insufficient, it still does not appear to a certainty that plaintiff is barred. Plaintiff asserts that notice was given both the defendant and the State of Illinois after December 31, 1974. The defendant denies it. The motion to dismiss for failure to state a claim must accordingly be denied at this time.

Alternatively, defendant has moved to stay these proceedings contending that this is a proper case for abstention. It notes that action PCB 76–242 has been brought by the Illinois Environmental Protection Agency before the Illinois Pollution Control Board (IPCB) in which the defendant is charged with identical violations of Rule 203. Defendant further suggests that all issues which will be raised before the IPCB are issues that must be raised here. Final-

---

**3.** Title 28 U.S.C. § 1345 provides:

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or

proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

ly, defendant suggests that as the IPCB promulgated Rule 203 in the first instance it should be allowed to interpret and apply said rule when (1) Rule 203 is vague and denies due process as applied by plaintiff;[4] (2) the IPCB could eliminate a constitutional issue as the IPCB is required to construe Rule 203 in a manner consistent with due process;[5] and (3) the IPCB's interpretation of Rule 203 should bind plaintiff in its interpretation.

In response, plaintiff maintains that abstention is inappropriate. It contends that different issues will be raised in this court as this action involves the enforcement of Rule 203 and of 40 C.F.R. 52.730(b)(2)(ii). It further argues that Section 113 of the Act establishes the right of federal enforcement of a state implementation plan regardless of concurrent state proceedings. Plaintiff also asserts that the uncertainty of Rule 203 cannot be raised by the defendant in the instant proceeding under the terms of the Act and that, in any event, said uncertainty is not an absolute defense but rather goes only to mitigation. Plaintiff further contends that abstention is improper as defendant has failed to show how an initial interpretation of Rule 203 by the IPCB would render resolution of a constitutional issue unnecessary. Finally, abstention is argued to be improper as jurisdiction is invoked under 28 U.S.C. § 1345.

█ Initially, the court is of the opinion that abstention may be proper regardless of plaintiff's statutory right to bring a concurrent proceeding in this court under the Act. The mere fact that the government has the authority to bring concurrent litigation does not necessarily suggest that abstention is inappropriate. Rather, a central issue is whether Illinois should be allowed to initially interpret Rule 203.

█ As noted defendant contends that Rule 203 is vague and denies due process. Plaintiff maintains that these defenses may not be raised here as they are barred by Section 307 of the Act. The court disagrees.

Section 307(b)(1) of the Act, 42 U.S.C. § 1857h–5(b)(1), provides, *inter alia*, that a petition for review of the action of the Administrator in approving or promulgating a state implementation plan under Section 110(a)(2) of the Act, 42 U.S.C. § 1857c–5(a)(2), may be filed only in the appropriate United States Court of Appeals. Section 307(b)(2) of the Act, 42 U.S.C. § 1857h–5(b)(2), provides, *inter alia*, that the action of the Administrator to which review could have been obtained under Section 307(b)(1) cannot be subject to judicial review in civil enforcement proceedings. Thus Section 307(b)(1) permits a court of appeals to consider only those matters which the Administrator could consider when it was determined whether to adopt a plan pursuant to Section 110(a)(2). *Union Electric Co. v. Environmental Protection Agency*, 427 U.S. 246, 96 S.Ct. 2518, 49 L.Ed.2d 474 (1976). Claims of technological and economic infeasibility cannot be raised in a Section 307(b)(1) proceeding. *Id.* at 265, 96 S.Ct. 2518. It appears to follow, and in fact has been previously held, that these defenses can be raised in the course of enforcement proceedings. *Indiana & Michigan Electric Co. v. Environmental Protection Agency*, 509 F.2d 839, 845–47 (7th Cir. 1975).

█ Plaintiff further maintains that the issues of vagueness and due process should

---

4. Defendant suggests that when the IPCB adopted Rule 203 in 1972, it envisioned defendant's development of the Hanley Allen car as an acceptable control device. However, in its letter of August 16, 1974, the United States Environmental Protection Agency stated that the Hanley Allen car did not meet the requirements of Rule 203.

Defendant further maintains that plaintiff's action violates due process as there is no existing system which is technically feasible of compliance with Rule 203.

5. Defendant arrives at this conclusion by asserting that Section 31(c) of the Illinois Environmental Protection Act, Ill.Rev.Stat. ch. 111½, § 1031(c), (also approved by the Administrator as a part of the Illinois implementation plan) allows defendant to show arbitrary or unreasonable hardship as a defense. This is argued to be a statutory incorporation of due process requirements.

only be considered in mitigation, relevant to the fashioning of an appropriate remedy, and not as absolute defenses based upon constitutional grounds. Again the court disagrees.[6] This is not a case involving the issue of mere technological impossibility. Defendant also argues that Rule 203 is vague because the control device envisioned by the IPCB and the Administrator in 1972 when Rule 203 was adopted has been developed by defendant only to have the federal government in its correspondence of 1974 state that said device does not meet the requirements of Rule 203.

■ *Inter alia*, abstention is appropriate when a case presenting a federal constitutional issue might be mooted or presented in a different posture by a state's interpretation of its own uncertain law. *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959) and cases cited. Conceding arguendo that a constitutional issue is present, plaintiff maintains that abstention is nonetheless improper. It asserts that here, as in *Baggett v. Bullitt*, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964), abstention should not be permitted as the constitutional issue of vagueness can be resolved without the state's interpretation of Rule 203. It further maintains that abstention is improper as resolution of this constitutional issue must necessarily be decided by the IPCB. The court is of the opinion that these arguments are without merit.

In *Baggett v. Bullitt, supra*, the United States Supreme Court was faced with a challenge to state loyalty oaths which were attacked as being vague and overbroad. Abstention was argued to be proper because an oath at issue had never been construed by the state courts. This argument was rejected by the Supreme Court as it felt that the oath's vagueness could not be cured by less than "extensive adjudications." *Id.* at 378, 84 S.Ct. 1316. Further, the issue raised by appellants (plaintiffs) was whether the oaths were vague on their face not whether the oaths permitted plaintiffs to engage in certain definite acts. *Id.* at 366, 378, 84 S.Ct. 1316. In the instant case, however, defendant is challenging a rule with very limited application and is doing so only as said rule is applied in a concrete circumstance.

■ The court agrees that abstention would be improper if this court were being asked to allow the state to have the first opportunity to decide a federal constitutional issue. *Zwickler v. Koota*, 389 U.S. 241, 251, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). This situation is one where resolution of the vagueness of Rule 203 may be avoided. Rule 203 could be interpreted by the IPCB narrowly or the IPCB might grant defendant a variance. *Commonwealth Edison Co. v. Pollution Control Board*, 25 Ill.App.3d 271, 281, 323 N.E.2d 84, 90 (1st Dist. 1974), *rev'd in part on other grounds*, 62 Ill.2d 494, 343 N.E.2d 459 (1976). Because resolution of the constitutional issue may be avoided by the state's interpretation of Rule 203, abstention is proper. *Carey v. Sugar*, 425 U.S. 73, 96 S.Ct. 1208, 47 L.Ed.2d 587 (1976).

Moreover, defendant maintains that in all probability plaintiff will be bound by the IPCB's interpretation of Rule 203. *Wisconsin's Environmental Decade Inc. v. Wisconsin Power and Light Co.*, 395 F.Supp. 313, 323 (W.D.Wis.1975). Plaintiff has not disputed this contention. Thus not only could the constitutional issue be avoided but also plaintiff's entire case here could be rendered moot or be significantly altered by the IPCB's interpretation of Rule 203. In such a circumstance, it seems clearly improper for this court to proceed at this time. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Abstention will avoid not only the possibility of unnecessary resolution of a federal constitutional issue but will also avoid duplicative adjudication involving complex issues of technology which under the Clean Air Act are in large measure the first concern of the state. *Un-*

---

**6.** The defense of technological impossibility might in fact only be considered in mitigation. *See Indiana & Michigan Electric Co. v. Envi-*

*ronmental Protection Agency, supra*, at 845. On these facts, resolution of that issue is unnecessary.

*ion Electric Co. v. Environmental Protection Agency, supra.*

Finally, the court is of the opinion that abstention is not improper simply because plaintiff has invoked this court's jurisdiction under 28 U.S.C. § 1345. The United States Supreme Court has recently found jurisdiction under § 1345 and yet affirmed a motion to dismiss, *inter alia*, because of concurrent state proceedings. *Colorado River Water Conservation District v. United States, supra.* While abstention was found to be inappropriate in that action, said finding was not based upon the grant of jurisdiction. *Id.* at 813–17, 96 S.Ct. 1236.

For the reasons stated, it is therefore ordered that defendant's motion to dismiss the complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted shall be, and the same is hereby, denied.

It is further ordered that defendant's motion to stay this action pending resolution of cause PCB 76–242 currently before the Illinois Pollution Control Board shall be, and the same is hereby, granted.