**UNITED STATES of America, Plaintiff,**

v.

**INTERLAKE, INC., Defendant.**

**No. 76 C 3599.**

United States District Court,
N. D. Illinois, E. D.

June 6, 1977.

Samuel K. Skinner, U. S. Atty., Thomas G. Dent, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Henry L. Pitts, W. Geral Thursby, Dixie L. Laswell, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of defendant Interlake, Inc. ("Interlake") for a protective order. For the reasons hereinafter stated, the motion shall be denied and the order of this court dated May 3, 1977, shall be set aside and held for naught.

On September 28, 1976, plaintiff United States of America filed suit in this court seeking injunctive relief prohibiting defendant Interlake from operating its by-product coke production facility in Chicago, Illinois, in violation of the Clean Air Act, 42 U.S.C. § 1857 *et seq.* Thereafter, on November 8, 1976, Interlake filed a motion to dismiss plaintiff's complaint or for an order staying these proceedings. After briefing, this court entered a memorandum and order denying the motion to dismiss but granting the motion for a stay. *United States of America v. Interlake, Inc.*, 429 F.Supp. 193 (N.D.Ill.1977). Plaintiff then filed a motion for reconsideration on April 4, 1977, which, after briefing, has been denied by memorandum and order dated June 6, 1977.

On May 2, 1977, Interlake moved this court for a protective order prohibiting the Administrator of the United States Environmental Protection Agency ("Administrator") from conducting any "Listing Proceeding" or blacklisting proceeding involving its Chicago, Illinois, coke manufacturing facility and from placing said facility on the "List of Violating Facilities" for alleged violations of the Clean Air Act or the Illinois Implementation Plan approved by the Administrator thereunder. Because plain-

tiff failed to appear before this court on May 2, 1977, the motion was continued to May 3, 1977, and defendant was directed to notify plaintiff thereof. Same was done, but again on May 3, 1977, plaintiff failed to appear. As a result of defendant's motion and supporting memorandum and of plaintiff's failure to appear before this court, an order was entered on May 3, 1977, granting defendant the relief requested and setting the matter for hearing on May 13, 1977.

Plaintiff appeared before the court on May 13, 1977, and was granted leave to file instanter its "memorandum in opposition to defendant's motion" and defendant was granted leave to file its reply. On May 24, 1977, said reply was filed.

Interlake has advanced three contentions in its memoranda in support of its motion for the protective order. First, it argues that neither the Clean Air Act nor Executive Order 11738 gives the Administrator the authority to conduct a listing proceeding on any basis other than a criminal conviction under the Act and that the regulations at 40 C.F.R. § 15.20 are accordingly invalid. Second, Interlake maintains that the standards contained in these regulations are arbitrary and violate the Administrative Procedure Act and would, if applied in this action, permit plaintiff to circumvent the power and jurisdiction of this court. Third, it asserts that plaintiff's procedure at 40 C.F.R. § 15.20(a)(2) is being conducted in a constitutionally defective manner as due process requires a formal hearing before listing.

In response, plaintiff maintains that its regulations are authorized by subsection 306(c) of the Act, 42 U.S.C. § 1857h–4(c), and Executive Order 11738. It further asserts that the standards at issue do not violate the Administrative Procedure Act or the prior order of this court. Finally, plaintiff contends that due process is met by the regulations or, in the alternative, that any decision on this issue at this time is premature.

■ This court is of the opinion that the Administrator does have the legal authority to promulgate regulations permitting listing on a basis other than a criminal conviction under the Clean Air Act as he has at 40 C.F.R. § 15.20. Specifically, said authority is contained in subsection 306(c) of the Act and in Executive Order 11738, particularly Section 1. In fact, the authority of the Administrator to promulgate the regulations at 40 C.F.R. § 15.20 has been twice upheld against a challenge similar to that advanced here. *United States of America v. United States Steel Corporation*, 76 C 4545 (N.D.Ill. May 6, 1977) (J. Crowley) and *United States of America v. Del Monte De Puerto Rico, Inc.*, 9 ERC 1495 (D. Puerto Rico 1976). Interlake has not attempted to refute these decisions and the court finds them persuasive.

■ The court is further of the opinion that defendant's contention that the regulations at issue violate the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, or due process is premature. At this point in time, the listing proceeding has not commenced; and, obviously no violation of the Clean Air Act has been found. Accordingly, Interlake's challenge on these grounds must be denied. *Delzer Construction Co. v. United States of America*, 487 F.2d 908 (8th Cir. 1973) and cases cited therein. *See also, United States of America v. United States Steel Corporation, supra.*

■ Finally, the court is of the opinion that plaintiff is not circumventing the court's prior order of February 11, 1977, illegally. Pursuant to 40 C.F.R. § 15.20(a)(1)(iii), plaintiff has the authority to commence with a listing proceeding once a civil suit has been initiated under subsection 113(b) of the Act, 42 U.S.C. § 1857c–8(b). This has been done.

Further, the fact that the Director, Office of Federal Activities, U. S. Environmental Protection Agency, or his designate, must determine whether there is adequate evidence of recurring noncompliance with clean air standards under 40 C.F.R. § 15.20(a)(2) does not indicate that there will be unacceptable interference with this court's function or with its prior order. The order of February 11, 1977, stayed the

proceeding initiated by plaintiff under section 113 of the Act. However, the listing proceeding is brought by plaintiff in its proprietary role as customer and is not *per se* a concern of this court.

For the reasons stated, it is therefore ordered that this court's order of May 3, 1977, granting defendant's motion for a protective order shall be, and the same is hereby, set aside and held for naught.