**FLORIDA BOARD OF BUSINESS REGULATION, etc., Plaintiff-Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD et al., Defendants-Appellees.**

No. 77–1391.

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1979.

William D. Moore, Gen. Counsel, Joseph Belitzky, Asst. Atty. Gen., Tallahassee, Fla., James D. Whisenand, Sp. Asst. Atty. Gen., Miami, Fla., for plaintiff-appellant.

Janet C. McCaa, Deputy Asst. Gen. Counsel, NLRB, Washington, D. C., for defendants-appellees.

Before WISDOM, GODBOLD and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

Florida Board of Business Regulation, Department of Business Regulation, Division of Pari-Mutuel Wagering, and the State of Florida sought declaratory and injunctive relief from the National Labor Relations Board's assertion of jurisdiction over the Florida jai alai industry and direction of a representation election in the Volusia Jai Alai Fronton. Following the election, which resulted in no collective bargaining representative being elected, the district court dismissed the action as moot. We reverse.

## I

On May 5, 1975, General Sales Drivers & Allied Employees Union, Local No. 198 (Union) filed a representation petition with the National Labor Relations Board (NLRB or the Board). The Union sought an election in a unit of jai alai players employed by Volusia Jai Alai, Inc. (Fronton). A hearing officer of the NLRB ruled on July 24, 1975, that the NLRB had jurisdiction over Florida's jai alai pari-mutuel industry. A panel of the NLRB affirmed the hearing officer's decision on December 29, 1975, thus asserting, for the first time, NLRB jurisdiction over the industry; the panel also directed a representation election at the Fronton. *Volusia Jai Alai, Inc. and General Sales Drivers & Allied Employees Union, Local No. 198*, 221 N.L.R.B. 1280 (1975).

The Fronton moved for reconsideration on January 28, 1976, and on February 13, 1976, the State of Florida, through its Board of Business Regulation, Department of Business Regulation, Division of Pari-Mutuel Wagering (State) moved to intervene and for reconsideration. On March 9, 1976, the panel granted the State's motion to intervene and denied both motions for reconsideration. On April 16, 1976, the NLRB issued a notice of election. The election was scheduled for May 12, 1976. On April 27, 1976, the State filed a complaint in district court, seeking declaratory relief and requesting preliminary and permanent injunctions enjoining the NLRB from asserting jurisdiction over the jai alai industry

and from ordering an election at any fronton licensed and regulated by the State of Florida. The district court declined to enjoin the May 12 election, which resulted in the defeat of the Union. On August 19, 1976, the court directed the parties to submit briefs addressing the question of mootness. It dismissed the case as moot on December 30, 1976, rejecting arguments to the contrary by both the NLRB and the State without reaching the question of the reviewability of the Board's action or the merits. The NLRB chose to acquiesce in the mootness ruling, and the State brought this appeal.

## II

▪ The sole question on appeal is whether the district court properly dismissed the action as moot. Our jurisdiction under article III, section 2 of the Constitution extends only to actual cases and controversies. *Sosna v. Iowa*, 419 U.S. 393, 397–403, 95 S.Ct. 553, 556–59, 42 L.Ed.2d 532 (1975). No justiciable case or controversy is presented when the question to be decided has been mooted by subsequent developments. *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968). An action becomes moot when "the issues presented are no longer 'live' or the parties lack a legal cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Although it is clear that the question whether the May 12, 1976, representation election should be enjoined is no longer "live" and is thus moot, the State argues that its requests for a permanent injunction and a declaratory judgment remain viable. It is settled that a case may be moot as to some issues yet "live" as to others. *Id.* at 497, 89 S.Ct. at 1951; *Connell v. Shoemaker*, 555 F.2d 483, 486 (5th Cir. 1977). Thus, the question of the mootness of the State's claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (1976), becomes " 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal inter-

ests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment.'" *Connell v. Shoemaker*, 555 F.2d at 486, quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). We hold that the declaratory judgment claim in the present case meets these requirements.

■ The NLRB has unambiguously indicated that its assertion of jurisdiction applies to Florida's jai alai industry as a whole and not just to the Volusia Fronton. In its Decision and Direction of Election of December 29, 1975, the NLRB said:

> After a careful analysis, we have decided that the assertion of the Board's jurisdiction is warranted in the jai alai industry. . . . [W]e have determined . . . that the administration of the Act would not interfere with the enforcement of state laws in the extensively regulated jai alai industry. Thus, it is our opinion that state regulation in this industry can successfully coexist with the Board's assertion of jurisdiction.

221 N.L.R.B. at 1282. The NLRB submitted to the trial court a brief on the issue of mootness in which it presented the Board's assessment of the ramifications of the decision to assert jurisdiction:

> [T]he Board has, by said decision, removed all doubt concerning the fact that it will entertain, under Section 9 of the Act, other petitions requesting elections within the jai alai industry, and that it will entertain, under Section 8 of the Act, unfair labor practice charges relating to the jai alai industry.

Record at 155–56.

The State contends that the NLRB's decision interferes with its regulatory scheme. The state regulations embrace, among other things, wages, hours, and working conditions of the players. The State's strong interest in jai alai is rooted in the industry's involvement in gambling, a source of considerable tax revenue. The regulations are aimed at maintaining public confidence in the integrity of the game and at guarding the flow of tax revenues.

Given the extensiveness of state control of the industry, it is quite possible that there will be some conflict between the state regulations and the policies developed under the National Labor Relations Act (the Act), 29 U.S.C. §§ 151–169 (1976). Frontons may face the dilemma of obeying state regulations that may conflict with policies enforced by the NLRB, perhaps opening themselves to unfair labor practice charges, or of adhering strictly to the NLRB's standards, thereby risking prosecution for violating state regulations. Even the possibility of such a conflict may erode public confidence in the game by breeding doubt as to the State's ability to regulate the industry effectively.

Furthermore, the NLRB's assertion of jurisdiction almost certainly will have an impact on the bargaining postures of management and the jai alai players. The NLRB's announcement that it will entertain unfair labor practice charges and petitions for the election of bargaining representatives gives the players new leverage to employ in contract negotiations and in day-to-day labor-management relations. This shift in the balance of power may increase the likelihood of strikes, which will cause economic loss to the State through the loss of tax revenues.

Florida's interest in maintaining exclusive regulatory authority over the industry and the NLRB's interest in adhering to its decision to assert jurisdiction are obviously directly opposed. The adversity of the interests is not affected by the union's defeat in the particular election sought to be enjoined. We have no difficulty in deciding that the controversy remains "live," and that it has sufficient substantiality, immediacy and reality to merit a declaratory judgment. Our conclusion is buttressed by the fact that *both* parties argued in the lower court that the action should not be dismissed as moot.

Even if the viability of the State's claim rested solely on the representation election that has been the primary focus of this controversy, the case would avoid mootness because of the presence of an issue "'capa-

ble of repetition, yet evading review.' " In *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam), the Supreme Court enlarged upon this doctrine as construed in *Sosna v. Iowa,* 419 U.S. at 399–400, 95 S.Ct. at 557:

> *Sosna* decided that in the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

*Weinstein v. Bradford,* 423 U.S. at 149, 96 S.Ct. at 349. Both of the criteria above are satisfied in the present case. The representation election was over before the district court could reach the merits of the State's challenge to the NLRB order directing the election, and, given the breadth of the Board's assertion of jurisdiction, there is certainly a reasonable expectation that the State's alleged interest in the jai alai industry will be threatened by such orders in the future. In *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974), the Supreme Court held that the "capable of repetition, yet evading review" exception to the mootness doctrine applied where an employer challenged state regulations according benefits to striking workers even though the particular strike that gave rise to the action had ended. Here, as in *Super Tire,* "the challenged governmental activity . . . is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Id.* at 122, 94 S.Ct. at 1698.

The argument that this exception is inapplicable is that in the present case the NLRB's assertion of jurisdiction and ordering of elections will not *necessarily* "evade review" in the future. There would be no question of mootness if the issues were considered following a union victory in a representation election. Nevertheless, the possibility of a future union victory does not require the jai alai industry and the State to undergo the expense and disruption of conceivably repeated representation elections before they are permitted to raise the preliminary question of the NLRB's jurisdiction.

Accordingly, we reverse and remand to the district court for its consideration of the issue of the reviewability of the Board's actions,[1] about which we intimate no opinion. If the court finds that the State's claim is presently reviewable, it should then consider the merits of the request for declaratory relief.

REVERSED and REMANDED WITH INSTRUCTIONS.

---

1. *See Boire v. Greyhound Corp.,* 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); *Boire v. Miami Herald,* 343 F.2d 17 (5th Cir. 1965), *cert. denied,* 382 U.S. 824, 86 S.Ct. 56, 15 L.Ed.2d 70 (1965).