FLORIDA BOARD OF BUSINESS REG-
ULATION, etc., et al., Plaintiffs,

v.

NATIONAL LABOR RELATIONS
BOARD et al., Defendants.

DIVISION OF PARI–MUTUEL
WAGERING et al., Plaintiffs,

v.

NATIONAL LABOR RELATIONS
BOARD et al., Defendants.

Nos. 76–313 Civ–T–H, 79–1250 Civ–T–H.

United States District Court,
M. D. Florida,
Tampa Division.

Sept. 30, 1980.

Daniel C. Brown, Florida Dept. of Busi-
ness Regulation, Tallahassee, Fla., W. Reyn-
olds Allen, Coral Gables, Fla., Thomas J.
Pilacek, Orlando, Fla., for plaintiffs.

Charles Deal, Tampa, Fla., Margery E.
Lieber, Ruah Donnelly Lahey, Washington,
D.C., for defendants.

## MEMORANDUM OPINION

HODGES, District Judge.

This case is before the Court on the consolidated complaints and requests for declaratory and injunctive relief brought by the State of Florida and its Board of Business Regulation, Division of Pari–Mutuel Wagering ("the State") against the National Labor Relations Board ("the Board") and Harold A. Boire, Regional Director for Region 12 of the Board. By its two complaints the State seeks review of two Board rulings asserting jurisdiction over employees of the jai alai industry in representation proceedings under Section 9 of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 88 Stat. 395, 29 U.S.C. § 151 *et seq.*) ("the Act"). *Volusia Jai Alai, Inc.*, 221 NLRB 1280 (1975) (Board Case No. 12–RC–4851) and *Florida Jai Alai, Inc.* (Board Case No. 12–RC–5737). The employers, Volusia Jai Alai, Inc. and Florida Jai Alai, Inc., have participated as *amici curiae*. The parties have filed cross motions for summary judgment and all issues have been fully briefed and argued.

A. *Volusia Jai Alai, Inc.* ("Jai Alai I")

On May 5, 1975, Local 198 of the General Sales Drivers & Allied Employees Union filed a representation petition with Region 12 of the Board seeking an election in a unit of jai alai players employed by Volusia Jai Alai, Inc. ("Volusia") at its jai alai fronton in Volusia County, Florida. The Regional Office held a hearing on the petition and transferred the case to the Board for decision. The Board determined that assertion of jurisdiction was warranted and, finding that Volusia was "engaged in commerce" within the meaning of the Act, directed an election in the unit of jai alai players. *Volusia Jai Alai, Inc.*, 221 NLRB 1280, 1282 (1975).

In January, 1976, Volusia filed a motion for reconsideration of the Board's decision, and the State filed a motion to intervene together with its own motion for reconsideration. The Board granted the State's request to intervene but subsequently denied the motions for reconsideration on the ground that they raised no issues not previously considered by the Board. The Board then scheduled a representation election among the jai alai players for May 12, 1976.

On April 27, 1976, the State filed its complaint in the first of the present cases (No. 76–313–Civ–T–H), seeking declaratory and injunctive relief prohibiting the Board from either asserting jurisdiction over the state jai alai industry or conducting an election in that industry. Following a hearing the Court denied the State's request for a preliminary injunction and directed the Board to inform the Court in writing of the election results. Ruling was reserved on the Court's subject matter jurisdiction and on the other pending motions.

On May 20, 1976, the Board's Regional Director issued a certification of the election results stating that the union had lost the election and that no objections to the conduct of the election had been filed. The Court then directed the parties to file memoranda on the issue of mootness; and, on December 30, 1976, the Court issued an order dismissing the case on the ground that no actual controversy remained between the parties. The State appealed.

On November 2, 1979, the Fifth Circuit issued its decision reversing the dismissal of the case as moot. *Florida Board of Business Regulation v. N. L. R. B.*, 605 F.2d 916 (5th Cir. 1979). The Court of Appeals noted, first, that the Board had unambiguously determined that its assertion of jurisdiction applied generally to the entire jai alai industry in Florida and not just to Volusia; and, second, that some conflict might predictably arise in the future between the Board's policies and the State's extensive regulation of that industry. Thus, since the State's asserted interest in exclusive regulatory control remained directly opposed to the Board's assertion of jurisdiction over jai alai frontons, the Fifth Circuit concluded that the case presented issues that were "capable of repetition, yet evading review." *Id.* at 920. Accordingly, the case was remanded to this Court for consideration of "the issue of reviewability of the Board's actions" in the district court (about which

the Court "intimated no opinion") in light of *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); *Boire v. Greyhound Corp.,* 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); and *Boire v. Miami Herald Publishing Co.,* 343 F.2d 17 (5th Cir. 1965), cert. denied, 382 U.S. 824, 86 S.Ct. 56, 15 L.Ed.2d 70. In the event of a determination that the State's claim is reviewable in this court, the Fifth Circuit's order further directed the Court to "consider the merits of the request for declaratory relief." *Id.* at 920.

B. *Florida Jai Alai, Inc.* ("Jai Alai II")

In the meantime, on September 24, 1979, Local 385 of Teamsters, Chauffeurs, Warehousemen & Helpers Union (a labor organization affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America) filed a representation petition with Region 12 of the Board seeking an election in a unit of all employees of Florida Jai Alai, Inc. ("Florida Jai Alai") at its fronton in Seminole County except players, judges, ball boys, pelota and cesta makers, concessionaires, contractors, clericals, guards, and supervisors as defined in the Act. The Regional Office held a hearing on the petition and permitted the State to intervene in the proceeding. Finding that Florida Jai Alai was engaged "in commerce" within the meaning of the Act, the Regional Director rejected the suggestion that dismissal of the petition was warranted because of extensive jai alai regulation by the state or because of the Board's allegedly inconsistent policy of declining jurisdiction over the horse racing and dog racing industries. Relying on the Board's decisions in *Volusia Jai Alai, Inc., supra,* and in *Grand Resorts, Inc.,* 221 NLRB 539 (1975), the Regional Director concluded that it would effectuate the purposes of the Act to assert jurisdiction over the employees of Florida Jai Alai. On November 16, 1979, the Regional Director scheduled an election for the following December 8. Both the State and Florida Jai

Alai requested reconsideration of the decision directing the election, but the Board denied those requests.

On December 3, 1979, the State filed its complaint in the second of the present cases (No. 79–1250 Civ-T-H), seeking declaratory relief and preliminary and permanent injunctions prohibiting the Board from either asserting jurisdiction over the state jai alai industry or conducting an election in that industry. On December 7, following a hearing, the Court issued a preliminary injunction directing the Board to proceed with the December 8 election but to impound the ballots and refrain from certifying the election results or from otherwise progressing with its representation proceeding until further order of the Court.

On December 10, 1979, following the Fifth Circuit's remand of the *Jai Alai I* proceeding for reconsideration, the Court issued an order consolidating the two cases for all further proceedings. The consolidation order also directed both parties to conduct discovery and to file cross motions for summary judgment.[1]

Meanwhile on January 25, 1980, the jai alai frontons involved in these proceedings, Volusia and Florida Jai Alai, asked to participate in the case as *amici. curiae.* On February 27, 1980, the Court granted the request and permitted the filing of a joint *amicus* brief following the parties' cross motions for summary judgment. After the completion of discovery and the filing of the parties' pending motions, oral argument was conducted on May 27, 1980. The questions presented involve issues of law. It does not appear that there are material issues of fact, and the litigation is ripe for summary judgment.

There are three issues to be decided. The first is whether the Court has subject matter jurisdiction. The second is whether the Board's assertion of jurisdiction over the jai–alai industry is an arbitrary and capricious exercise of discretion under the Act. The third is whether the assertion of juris-

---

1. Counsel had jointly suggested during earlier hearings that the case should be susceptible of     disposition by way of summary judgment.

diction by the Board violates the rights of the State under the Tenth Amendment.

## I

With respect to the jurisdictional issue it is my view that this is an exceptional case for the assertion of jurisdiction under *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, or *Fay v. Douds*, 172 F.2d 720 (2nd Cir. 1949).[2]

Although it is often said that *Leedom v. Kyne* jurisdiction is dependent upon a showing that the Board has made a determination "contrary to a specific prohibition in the Act"–a showing not present here–jurisdiction has been asserted where the exceptional circumstances of the case are such that the party seeking relief would not otherwise have an avenue for review if the District Court declined jurisdiction. See, for example, *Templeton v. Dixie Color Printing Co.*, 444 F.2d 1064 (5th Cir. 1971), in which the Fifth Circuit sustained an assertion of *Leedom v. Kyne* jurisdiction where the action was brought by the affected employees themselves as distinguished from the union or employer directly involved. Furthermore, the assertion of jurisdiction in a case such as this is not inconsistent with the congressional purpose in omitting a provision for judicial review of representation proceedings generally. As the Court observed in *Boire v. Miami Herald Publishing Company*, 343 F.2d 17, 20 (5th Cir. 1965):

> "The reason for severely circumscribing Court interference in representation matters is to avoid dilatory tactics which would postpone the commencement of bargaining when the employer really had no substantial objections to the conduct of the election other than a desire to delay bargaining as long as possible."

The State is not suing in order to promote any dilatory objective; the Fifth Circuit has already held that the issue is not moot merely because the union lost the only election yet scheduled and actually held in the industry; and, if the Court declines to entertain jurisdiction in this proceeding, it cannot be said with certainty that the State will ultimately enjoy standing in an unfair labor practice proceeding to seek review under Section 10 of the Act, i. e., it is conceivable that the employer might accede to certification and bargaining orders entered by the Board so that no unfair practice proceeding will ensue. The case thus involves exceptional circumstances justifying the assertion of *Leedom v. Kyne* jurisdiction.

Alternatively, this would also be a proper case for the assertion of *Fay v. Douds* jurisdiction, i. e., there is a substantial claim by the State that the action taken by the Board has violated the constitutional rights of the complaining party—the State's Tenth Amendment rights.

## II

The next issue is whether the Board decision is arbitrary and capricious to the extent that the Board has decided to assert jurisdiction over the jai–alai industry while steadfastly declining to do so in the dog racing and horse racing industries even though, the State contends, there is no rational distinction between them. In making this argument the State relies primarily upon the recent Supreme Court decision in *N. L. R. B. v. Yeshiva University*, 444 U.S. 672, 100 S.Ct. 856, 63 L.Ed.2d 115 (1980). I do not believe, however, that *Yeshiva University* is applicable to these facts. That case did not involve a claim of selective, inconsistent or discriminatory assertions of Board jurisdiction as to different industries or different employers in the same industry; rather, it involved the question whether the Board's *consistent* certification of units of employees consisting of university

---

**2.** It is well established that, ordinarily, the District Court is without jurisdiction to review any order of the Board entered in a representation proceeding under Section 9(c) of the Act. Such orders become reviewable in the Courts of Appeals, pursuant to Section 9(d), only in the context of a review of orders entered in subsequent unfair labor practice proceedings, a procedure governed by Section 10(e) and (f) of the Act. *Leedom v. Kyne* and *Fay v. Douds* represent narrow exceptions to this rule.

faculty members was an arbitrary or unreasonable decision in view of the exclusion of managerial employees from the purview of the Act.

■ Conversely, in this case, the Board relies upon the decision in *N. L. R. B. v. Harrah's Club*, 362 F.2d 425 (9th Cir. 1966), which is more closely on point. There the Nevada gambling casino industry urged that the Board's assertion of jurisdiction over it was arbitrary and capricious given its election to decline jurisdiction over the race track industry. The Court said (362 F.2d at 427):

"Assuming that the criteria applied by the Board in determining to exempt racetracks from regulation are equally applicable to gambling casinos in Nevada, this alone is not sufficient to establish that regulation of the gambling industry will result in unjust discrimination. It must also be shown that the gambling industry will be substantially prejudiced by Board regulation because racetracks are not similarly regulated."

Here, the State cannot meet the second requirement of that test. There is no showing that the Board's failure to assert jurisdiction over dog racing or horse racing serves to prejudice the interest of the State. Indeed, if the State's contentions are correct concerning the effect of the Board's intrusion into the jai–alai industry, the state's claim of prejudicial interference would merely be exacerbated if the Board extended its jurisdiction into those industries as well. Whether the jai–alai employers might claim prejudice due to competitive ramifications or the like is not an issue in this case. That claim, if there is such a claim, can be made by the affected employers in subsequent review proceedings brought to the Courts by way of the method provided in Section 10 of the Act.

## III

■ The last issue has to do with the State's claim under the Tenth Amendment. In that respect the State relies primarily upon the Supreme Court decision in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). That decision, however, is also inapposite. In *Usery* the Court invalidated a statute which purported to impose a direct obligation upon the States as distinguished from an indirect interference with the operation of State law through a congressional effort to regulate the same object; and that distinction was explicitly noted in the Court's opinion when it said (96 S.Ct. at 2471):

"It is one thing to recognize the authority of Congress to enact laws regulating individual businesses necessarily subject to the dual sovereignty of the government of the Nation and of the State in which they reside. It is quite another to uphold a similar exercise of congressional authority directed, not to private citizens, but to the States as States."

## CONCLUSION

The arguments advanced by the State are appealing. Its interest in the parimutuel wagering industry, including race tracks as well as jai alai frontons, is historical and substantial not only as a significant source of state revenue but also as a tightly regulated and narrow exception to the state's police–power prohibition of gambling in general. That the industry exists at all is a matter of grace, and the potential conflict between state law and the Board's policies as applied to that industry are altogether real, not fanciful. The Board's decision to depart from its well reasoned precedent against intervention in the parimutuel wagering industry–precedent it still follows with regard to race tracks–is, to me, both illogical and unwise. But that is not the issue here. The question is whether the Board is precluded from taking that step by the constitution, the statute or existing case law. It is not. Whether the general concepts underlying the Supreme Court's decision in *Yeshiva University* or *National League of Cities v. Usery* should be extended to this case is a decision for that Court to make. It is enough that a clear and distinct extension of those decisions would be required in order to sustain the State's position in this Court.

It should also be emphasized that this decision does not necessarily clear the way for complete federal preemption of the State's regulatory scheme. As the Board has argued with zeal on the jurisdictional issue, there is as yet no actual conflict between state law and Board policy with regard to the terms and conditions of employment of any specific unit of employees; and it is possible that many if not most of such conflicts can be avoided or accommodated by the Board or by the State as they occur. If and when a specific conflict does develop, beyond the scheduling of a representation election and the possible certification of a bargaining agent, the State may be able to reassert its present claims on more discrete facts. It is only decided here that there is no existing basis in law supporting the issuance of a blanket injunction prohibiting the Board from asserting jurisdiction in the jai alai industry.

The preliminary injunction previously issued is dissolved. The Clerk is directed to enter judgment for the Defendants and against the Plaintiffs, each side to bear its own costs.

IT IS SO ORDERED.