**ROADWAY EXPRESS, INC., a Delaware Corporation**

v.

**William E. BROCK, Secretary of Labor and Alan C. McMillan, Regional Administrator, Region Four, U.S. Department of Labor.**

**Civ. A. No. C85–997A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 18, 1985.

Michael C. Towers, Fisher & Phillips, Atlanta, Ga., for plaintiff.

J. William Boone, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is presently before the court on plaintiff's motion for summary judgment. Plaintiff attached to its motion for summary judgment a "Statement of Material Facts as to which there is No Genuine Issue to be Tried", as required by L.R. 220–5(b)(1) (N.D.Ga.). The defendant neither responded to nor controverted those facts. Thus, Roadway's Statement of Facts shall be deemed admitted. L.R. 220–5(b)(2) (N.D.Ga.).

### STATEMENT OF FACTS

Plaintiff Roadway Express, Inc. ("Roadway") is a common motor carrier, engaged in interstate trucking through the operation of commercial motor vehicles, which are used to transport cargo.

On November 22, 1983, Roadway discharged employee Jerry Hufstetler for an alleged act of dishonesty. Soon thereafter, Hufstetler filed a grievance, pursuant to the provisions of the National Master Freight Agreement ("NMFA"), a collective bargaining agreement made between Roadway and the Teamsters Local Union No. 528. Hufstetler contended that he was dismissed in retaliation for his reporting of violations of commercial motor vehicles rules and regulations.

On December 19, 1983, Hufstetler's grievance was heard before an arbitration panel established under the terms of the NMFA. That panel deadlocked, and, as dictated by the NMFA, the case was referred to a second level arbitration panel. The panel was composed of an equal number of representatives from a company and a union, none of which was a representative of the plaintiff. After considering evidence presented by both Hufstetler and Roadway, the second panel rejected Hufstetler's contentions and sustained his discharge for an act of dishonesty.

Hufstetler filed subsequently a complaint with the United States Department of Labor ("DOL"), alleging that he had been discharged without just cause, in violation of the NMFA and section 405 of the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 2305, which prohibits, inter alia, retaliatory discharge for the reporting of safety violations.

Pursuant to 49 U.S.C. § 2305(c)(2)(A), DOL investigated Hufstetler's complaint. The procedures utilized included a field investigation by an employee of DOL, a review of the investigator's report by a regional supervisory investigator, and, where the supervisor found the complaint meritorious, review by the Occupational Safety and Health Administration's regional administrator.

During the investigation, Roadway submitted, as requested, a written position statement explaining the circumstances of the discharge. However, Roadway was denied access to confidential statements of witnesses, and was denied the names of those individuals from whom statements were taken. Roadway thereby informed DOL that any preliminary order requiring Hufstetler's reinstatement, prior to an evidentiary hearing, would constitute a denial of due process as guaranteed by the Fifth Amendment to the United States Constitution.

DOL determined, after eleven months of investigation, that there was reasonable cause to believe that Hufstetler was discharged in violation of 49 U.S.C. § 2305.

On January 21, 1985, the Secretary of DOL thereby issued a preliminary order, pursuant to 49 U.S.C. § 2305(c)(2)(A), which required, inter alia, that Roadway immediately reinstate Hufstetler to his former position.

Prior to the issuance of the preliminary order, DOL did not conduct an evidentiary hearing to resolve disputed factual issues which were raised by the evidence. However, under 49 U.S.C. § 2305(c)(2)(A), DOL was not so required. It is this alleged infirmity in the statute which is the crux of this litigation.

Roadway filed suit on February 1, 1985, challenging the provisions of 49 U.S.C. § 2305(c)(2)(A), and seeking injunctive and declaratory relief. In addition to seeking relief from this court on constitutional grounds, Roadway filed, before an Administrative Law Judge ("ALJ"), objections to that part of DOL's order which held that Hufstetler was wrongfully discharged. The ALJ has not yet rendered a decision as to the merits of Hufstetler's discharge.

On February 11, 1985, this court granted Roadway's motion for preliminary injunction. *Roadway Express, Inc. v. Donovan*, 603 F.Supp. 249 (N.D.Ga.1985). The court found that Roadway proved the four elements necessary for the issuance of a preliminary injunction. Specifically, the court found preliminary injunctive relief warranted because Roadway showed: 1) a substantial likelihood of success on the merits, 2) the possibility of irreparable harm, 3) a comparatively greater possibility of harm than that of DOL, and 4) no adverse effect to the public interest. *Roadway*, 603 F.Supp. at 252–53. The court thereby restrained DOL from enforcing that portion of its January 21 preliminary order which required Roadway to temporarily reinstate Hufstetler without benefit of an evidentiary hearing.

Following this court's entry of a preliminary injunction, Roadway moved for summary judgment, seeking a final order of injunctive and declaratory relief.

## JURISDICTIONAL ISSUES

DOL contends that summary judgment is not appropriate inasmuch as Roadway has failed to exhaust available administrative remedies. DOL alleges that the resolution of the constitutional question is dependent upon the compilation of an appropriate record for review pursuant to administrative procedures.

Roadway's complaint is based upon the premise that there is no available administrative remedy prior to DOL's order. It is this prehearing deprivation of a property right for which Roadway seeks relief.

It is well-established that "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures." *Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). This is especially true when an adequate factual record has been compiled and the special expertise of the administrative agency is unnecessary for resolution of the collateral constitutional issues. *See, McKart v. United States,* 395 U.S. 185, 193–94, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969); *Southern Ohio Coal Co. v. Donovan,* 774 F.2d 693 (6th Cir.1985). Thus, inasmuch as Roadway's due process claim is collateral to the substantive claims presently before the ALJ, and the expertise of the administrative agency is, in this instance, unavailable, jurisdiction in the district court is warranted. *Mathews v. Eldridge,* 424 U.S. 319, 330–32, 96 S.Ct. 893, 900–01, 47 L.Ed.2d 18 (1976); *Cherry v. Heckler,* 760 F.2d 1186, 1190 (11th Cir. 1985); *Southern Ohio Coal,* at 701–703.

Additionally, it is clear that "this issue is live and in dispute between the parties. The plaintiff remains in the [trucking] business and continues to be exposed to procedures which, it alleges, deprive it of due process. The Court is satisfied that this action continues to present an 'actual controversy' that is appropriate for declaratory relief." *Southern Ohio Coal v. Donovan,* 593 F.Supp. 1014, 1021 (S.D. Ohio 1984). *See, Powell v. McCormack,* 395 U.S. 486, 517–18, 89 S.Ct. 1944, 1961– 62, 23 L.Ed.2d 491 (1969). The governmental policy is definite, settled, and presently affecting Roadway's interests; hence, declaratory relief in the district court is appropriate. *Florida Board of Business Regulation v. National Labor Relations Board,* 605 F.2d 916, 919 (5th Cir.1979).

In the alternative, DOL contends that the Court of Appeals rather than the district court has jurisdiction to review an order issued pursuant to 49 U.S.C. § 2305(c).

However, the statutory scheme is clear. 49 U.S.C. § 2305(d)(1) provides, in part: "Any person adversely affected or aggrieved by an order issued *after a hearing* under subsection (c) of this section may obtain review of the order in the United States Court of Appeals for the circuit in which the violation ... allegedly occurred ... [emphasis supplied]." Thus, this code section grants the Court of Appeals appellate jurisdiction only of substantive claims following a hearing on the merits, and is therefore inapposite to the matter before this court.

Having found that jurisdiction is properly invoked in this court, the sole issue remains: whether 49 U.S.C. § 2305(c)(2)(A), which requires, prior to an evidentiary hearing, immediate reinstatement of discharged employees, upon the Secretary's finding of wrongful discharge, is unconstitutional and violative of the Fifth Amendment to the United States Constitution.

## PROCEDURAL DUE PROCESS

The Fifth Amendment to the United States Constitution assures that no person shall be deprived of property without due process of law. An essential and fundamental requirement of due process is that notice and an opportunity to be heard *precede* deprivation of a significant property interest, *Mullance v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950), except for extraordinary situations where important governmental interests justify postponing the hearing until after deprivation. *Boddie v. Connecticut,* 401 U.S. 371, 379,

91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971); see *Cleveland Board of Education v. Loudermill,* — U.S. —, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985).

■ The parties agree that a balancing test, as prescribed and applied by the United States Supreme Court in *Mathews v. Eldridge,* is necessary for determining whether procedures used in the deprivation of a property right comport with the requirements of due process. Thus, in determining the constitutionality of 49 U.S.C. § 2305(c)(2)(A), the court must consider: the private interest affected by the government's action; the risk of an erroneous deprivation of such interest through the procedures used; and, the government's interest, including the function involved and the administrative and fiscal burdens that the additional procedural requirement would entail. *Mathews,* 424 U.S. at 335, 96 S.Ct. at 903.

■ *The private interest:* This court, on Roadway's motion for preliminary injunction, found that Roadway has important interests in not being compelled to reinstate an employee discharged for wrongful conduct and in upholding the arbitration provisions of its bargaining agreement. DOL argues nevertheless, that Roadway's interests are insubstantial, inasmuch as the statute requires that a post-reinstatement hearing be "expeditiously conducted". DOL contends that Roadway would be subject to, at most, a 120 day reinstatement order without benefit of hearing.

In *Southern Ohio Coal,* the Sixth Circuit Court of Appeals addressed a provision of the Federal Mine Safety and Health Act which required pre-hearing reinstatement in the same manner as the statute involved herein. The court held that an order requiring reinstatement for five days prior to a hearing violated the procedural due process rights of the employer. The Sixth Circuit reasoned that "[p]rolonged retention of a disruptive or otherwise unsatisfactory employee can adversely affect discipline and morale in the work place, foster disharmony, and ultimately impair the efficiency of an office or agency." *Southern*

*Ohio Coal,* at 703 (quoting *Arnett v. Kennedy,* 416 U.S. 134, 168, 94 S.Ct. 1633, 1651, 40 L.Ed.2d 15 (Powell, J. concurring) (1974).

In this instance, the arbitration panel, after a lengthy hearing, sustained Hufstetler's discharge for an act of dishonesty. The statutory scheme however, required Roadway to reinstate, for possibly a four-month period, an arguably unsatisfactory employee, in violation of its collective bargaining agreement and at the expense of innocent employees. Certainly, Roadway's interests in not doing so are substantial.

■ *The risk of erroneous deprivation:* The court found previously a clear risk of erroneous deprivation, inasmuch as the credibility and veracity of witnesses was not available to Roadway for scrutiny and cross-examination. *Roadway,* 603 F.Supp. at 252.

During its investigation, DOL requested and received from Roadway a written position statement, but failed to make available the names and statements of witnesses upon which its decision was based. "[W]ritten submissions do not afford the flexibility of oral presentations; they do not permit the [employer] to mold his argument to the issues the decision maker appears to regard as important. Particularly where credibility and veracity are at issue, as they must be in many [discharge] proceedings, written submissions are a wholly unsatisfactory basis for decision." *Goldberg v. Kelly,* 397 U.S. 254, 269, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287 (1970). *See also Mathews,* 424 U.S. at 343–44, 96 S.Ct. at 907.

Dismissals for cause often, as in this case, involve disputed issues of fact. *Loudermill,* 105 S.Ct. at 1494. Even where the facts are not in dispute, the appropriateness of the discharge might be questioned, and the only meaningful opportunity to be heard is before the reinstatement order. *Id.* Thus, the procedures used by DOL were inherently unreliable, inasmuch as they did not provide any means for resolving disputed issues of fact

and credibility. *Southern Ohio Coal,* at 704. An evidentiary hearing, prior to mandatory reinstatement, would clearly strengthen the reliability of the procedures and the ultimate decision, and hedge against the risk of erroneous deprivation.

■ *The governmental interest:* This court concluded on motion for preliminary injunction that the governmental interest in protecting employees from retaliatory discharge would not be impaired by requiring a hearing prior to reinstatement. *Roadway,* 603 F.Supp. at 252.

Although the governmental interests in promoting safety on the highways and prohibiting retaliatory discharge are indeed valid, DOL has failed to show any compelling considerations which necessitate postponing the hearing.

Inasmuch as the statute requires presently that a hearing be "expeditiously conducted" after reinstatement, the administrative or fiscal burdens attendant to such a hearing prior to reinstatement would be negligible. *Loudermill,* 105 S.Ct. at 1495; *Southern Ohio Coal,* at 703.

■ The court notes that a full evidentiary hearing prior to reinstatement is not required. *Mathews,* 424 U.S. at 343, 96 S.Ct. at 907. Rather, it is sufficient that an employer be given, at minimum, an opportunity to present his side and a chance to confront and cross examine witnesses. *Southern Ohio Coal,* at 705.

CONCLUSION

■ Considering the private and governmental interests involved, and the present risk of erroneous deprivation, the court concludes that the statutory procedures utilized by DOL do not conform to the dictates of due process. To the extent that the statute fails to provide employers with a meaningful opportunity to be heard, it fails to meet the requirements of due process. Such deficiency may only be remedied by conducting a hearing, prior to an order of reinstatement, whereby the parties are given a meaningful opportunity

to be heard prior to the Secretary's decision.

In summary, the court determines that the plaintiff's motion for summary judgment is meritorious, and the motion is hereby granted. It is the judgment of this court and it is declared that the Secretary's preliminary order of January 21, 1985 is violative of the requirements of procedural due process to the extent that it requires the plaintiff to temporarily reinstate Hufstetler prior to an evidentiary hearing, and that portion is therefore void. It is declared further that 29 U.S.C. § 2305(c)(2)(A) is unconstitutional and void to the extent that it empowers defendants to order reinstatement of discharged employees prior to conducting an evidentiary hearing which comports with the minimum requirements of due process. Accordingly, the defendants, and any of their officers, agents, and anyone acting in active concert therewith, are hereby restrained and enjoined from further issuance of preliminary orders of reinstatement pursuant to 49 U.S.C. § 2305(c)(2)(A), without first conducting an evidentiary hearing which complies with the minimum requirements of procedural due process under the Fifth Amendment to the United States Constitution.