**ITT RAYONIER INCORPORATED,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al,**
**Defendants-Appellees.**

**No. 80–5034.**

United States Court of Appeals,
Fifth Circuit.
Unit B

July 20, 1981.

Mahoney, Hadlow & Adams, Thomas M. Baumer, John T. Sefton, Jacksonville, Fla., for plaintiff-appellant.

Robert S. Yerkes, Asst. U.S. Atty., Jacksonville Fla., John C. Hammock, James W. Moorman, Asst. Attys. Gen., Anne S. Almy, Jerry Jackson, Land & Natural Resources Division, Pollution Control Section, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before TUTTLE, RONEY and VANCE, Circuit Judges.

VANCE, Circuit Judge:

ITT Rayonier brings this action for declaratory and injunctive relief against the Environmental Protection Agency (EPA). The district court dismissed the case as moot and ITT Rayonier appeals. We affirm.

## I

The basic facts are uncontested. ITT Rayonier operates a paper mill in Fernandina Beach, Florida. The EPA had granted it a national pollutant discharge elimination system permit effective September 23, 1973, which among other things set limits to the discharge of pollutants as of February 28, 1977. Between March 1 and June 30, 1977 ITT Rayonier exceeded those limits on many occasions. In November the United States filed a complaint against ITT Rayonier.

On February 28, 1978 an administrative proceeding was held to determine if ITT Rayonier should be placed on the EPA List of Violating Facilities. *See* 40 C.F.R. § 15.20(a)(1)(vi) & (a)(2)–(3). Such a listing would bar ITT Rayonier from receiving any government contract for as long as it remained on the list, up to a maximum of one year. *See* 40 C.F.R. § 15.20(b)–(c). At the hearing ITT Rayonier, rather than contest the charges, challenged the authority of the EPA to list it unless it was convicted of a criminal charge in accordance with section 508(a) of the Federal Water Pollution Control Act, 33 U.S.C. § 1368(a).[1] The EPA proceeded to put ITT Rayonier on its list on March 15, 1978. 43 Fed.Reg. 11750 (1978).

ITT Rayonier in turn filed this action on May 4, 1978, renewing its claim that the EPA was exceeding its statutory authority in promulgating and enforcing 40 C.F.R. § 15.20(a)(1)(vi). The summons was returned on May 15 and the United States answered on July 10, following with a motion for summary judgment on July 13. After receiving several extensions of time, ITT Rayonier filed its reply and its own motion for summary judgment on September 8. In December, while the court was

---

1. The EPA relies for the most part on Executive Order No. 11738, 38 Fed.Reg. 25161 (1973), issued under § 508(c) of the Act, 86 Stat. 891 (1972), and § 306 of the Clean Air Act, 42 U.S.C. § 7606(c) as authority for its regulation. Three district courts have upheld its position. *See United States v. Interlake, Inc.*, 432 F.Supp. 987 (N.D.Ill.1977); *United States v. United States Steel Corp.*, 10 E.R.C. 1751 (N.D.Ill. 1977); *United States v. Del Monte De Puerto Rico, Inc.*, 9 E.R.C. 1495 (D.P.R.1976). ITT Rayonier contends that none of these opinions examines the legislative history of the Water Pollution Control Act, which it claims shows that the EPA was denied this authority. We express no opinion on this matter.

considering these motions, the suit brought by the United States against ITT Rayonier was settled and dismissed; as part of the settlement ITT Rayonier paid a fine of $10,-680.00.[2] On January 3, 1979 the EPA removed ITT Rayonier from its list and on February 22 it moved to dismiss ITT Rayonier's suit against it as moot. After the case had been transferred to another judge, the government's motion was granted on December 11, 1979.

## II

■ Generally settlement of a dispute between two parties renders moot any case between them growing out of that dispute. A court will find mootness even if the parties remain at odds over the particular issue they are litigating. The case of *Local No. 8-6, Oil, Chemical & Atomic Workers International Union v. Missouri*, 361 U.S. 363, 80 S.Ct. 391, 4 L.Ed.2d 373 (1960), for example, involved a challenge to a Missouri statute authorizing the governor to seize and operate a public utility affected by a strike. During a strike the governor took control of a natural gas company and obtained an order enjoining the union from continuing its strike. The union obeyed. Before its challenge to the statute reached the Supreme Court, the union had settled its dispute with the gas company and the seizure was ended, terminating the injunction. The Court on these facts held the case moot.

■ There are three major exceptions to this general principle.[3] First are the instances "in which one issue in a case has become moot, but the case as a whole remains alive because other issues have not become moot." *University of Texas v. Camenisch*, —— U.S. ——, ——, 101 S.Ct. 1830, 1833, 68 L.Ed.2d 175 (1981). This court has been particularly alert to the sur-

vival of other issues in actions for declaratory judgments. *See, e. g., Florida Board of Business Regulation v. NLRB*, 605 F.2d 916 (5th Cir. 1979); *Familias Unidas v. Briscoe*, 544 F.2d 182 (5th Cir. 1976). In the case at bar we find no such surviving issue.

■ ITT Rayonier suggests the existence of two viable claims. It argues that the threat of future listing casts a continuing shadow over its behavior, particularly in its negotiations with the EPA. We have found such continuing impacts sufficient to prevent mootness in other contexts. *See, e. g., Florida Board of Business Regulation*, 605 F.2d at 919. Here, however, we think the allegedly persisting injury is too speculative to overcome mootness. Before the challenged regulation can affect ITT Rayonier, two events must occur. First ITT Rayonier must decide to alter its pollutant discharges. Second the EPA must decide to bring an action against it. "The question [is] thus posed in a situation where the threat of governmental action [is] two steps removed from reality. This [makes] the recurrence ... so remote and speculative that there [is] no tangible prejudice to the existing interests of the parties and, therefore, there [is] a 'want of subject matter' on which any judgment ... could operate." *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 123, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1973), quoting *Oil Workers*, 361 U.S. at 371, 80 S.Ct. at 396.

ITT Rayonier's other claim is that this suit affords a remedy from the stigma of having been listed. It calls our attention to Standard Form 19–B of the General Services Administration, 41 C.F.R. § 1–16.901–19B, ¶ 9(a), which requires applicants for government contracts to state whether any facility has been listed on the EPA list. However, as the United States points out, both EPA regulations, 40 C.F.R. § 15.4(c)(1),

---

**2.** Neither the settlement nor the order of dismissal, which is from the same court that heard this case, is in the record. A court may, however, take judicial notice of its own records or of those of inferior courts. *See Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978). Such notice is particularly appropriate if it is of a settlement which may moot a

case. *See Dakota County v. Glidden*, 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981 (1885).

**3.** Special considerations arise in class actions. *See, e. g., Cruz v. Hauck*, 627 F.2d 710 (5th Cir. 1980). We are not faced here with such considerations.

and GSA regulations, 41 C.F.R. § 1–1.2302–2(a)(2), require a contractor to agree only not to use a facility currently listed by the EPA. Thus, despite the information it must provide on Form 19–B, ITT Rayonier will not be deprived of any government contracts for its past listing so long as the GSA obeys its own regulation. We decline to assume, as a matter of law, that GSA will do otherwise. Should ITT Rayonier be improperly denied a contract in this fashion, it could bring an action at that time. *See Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260 (5th Cir. 1978).

■ A second exception to the general rule of mootness is presented when one party unilaterally alters its conduct to terminate the dispute. " '[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i. e., does not make the case moot.' " *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979), quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953); *cf. Allee v. Medrano*, 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974) (suit to enjoin harassment not moot although plaintiffs had discontinued conduct which had brought on the harassment). We agree with the district court that this is not such a case.[4] The EPA and ITT Rayonier reached a voluntary settlement of their dispute. The violation settled, EPA no longer had any legal basis to keep ITT Rayonier on its list. ITT Rayonier's listing cannot "be reinstated as swiftly as [it was] suspended." *Jones v. Diamond*, 636 F.2d 1364, 1375 (5th Cir. 1981) (en banc), unless ITT Rayonier itself changes its pollutant discharges.[5]

■ ITT Rayonier relies most strongly on the third exception to mootness, controversies which are "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). This category is made up of cases in which the challenged action lasts for so short a time that it inevitably expires before review is possible, and there is a reasonable likelihood that the same party will be subject to the same action again.[6] *See United Steelworkers of America v. Bishop*, 598 F.2d 408, 412 (5th Cir. 1979). ITT Rayonier maintains that the one year limitation on listing provided by 40 C.F.R. § 15.20(c) places this case within the exception.

ITT Rayonier's position on this issue undoubtedly has force. We would be most reluctant to permit a federal agency to so arrange its timetables that the scope of its authority would continue to elude judicial scrutiny. Nevertheless, we are unable to agree that enforcement of this regulation will indeed evade review. An aggrieved company need simply apply for a preliminary injunction against listing by the EPA. This court has jurisdiction from the grant or refusal of such orders, 28 U.S.C. § 1292(a)(1), and such cases receive priority on our calendar, Local Rule 19.1.2. Although the Supreme Court recently observed that review of a preliminary injunction is, under most circumstances, not a ruling on the merits, *Camenisch*, —— U.S. at ——, 101 S.Ct. at 1833, it went on to note that the trial court can expedite its decision on the merits by consolidating the hearing on the injunction application with the trial on the merits under Fed.R.Civ.P. 65(a)(2). *Id.* at 1834. We note that in the case before us it was not the time limit on

---

**4.** ITT Rayonier complains that in holding that this is not a case of voluntary cessation of an act to evade review, the district court improperly made a finding on a disputed issue of fact. It is clear, on the contrary, that the court was simply recognizing that the removal of ITT Rayonier from the list followed as a matter of law from the undisputed fact of the settlement.

**5.** A controversy might also arise were the EPA to change the effluent limitations in the permit.

Such action could be appealed to this court directly under 33 U.S.C. § 1369(b)(1).

**6.** On occasion the Supreme Court emphasizes that it must be the same complaining party that expects to suffer from the recurrence of the action. *See SEC v. Sloan*, 436 U.S. 103, 109, 98 S.Ct. 1702, 1707, 56 L.Ed.2d 148 (1978). We need not reach this aspect of the requirements to avoid mootness, since we find that the action will not evade review.

listing which produced mootness, but the voluntary settlement of the parties.

Finding none of the exceptions to the mootness doctrine applicable in this case, we affirm the opinion of the district court.

AFFIRMED.