IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10690
Summary Calendar
_____

BILLY D. BUCKLEY,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-37-D
--------------------
June 19, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Billy D. Buckley, Texas prisoner # 492185, appeals from the denial of his 28 U.S.C. § 2254 application.  Buckley was sentenced to 30 years' imprisonment by a state trial judge after his conviction on a cocaine offense and a finding of the truth of two enhancement paragraphs.  A certificate of appealability was granted on the issue of whether the state appellate court's

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to remand Buckley's case for a new trial on punishment pursuant to TEX. CODE CRIM. P. art. 44.29(b) violated Buckley's due process rights or his rights under Hicks v. Oklahoma, 447 U.S. 343 (1980).

Relying on Hicks, Buckley argues on appeal that the state appellate court deprived him of the opportunity afforded by Article 44.29(b) to elect a jury upon remand for a new trial on the issue of punishment. The respondent calls our attention to Buckley's failure to seek relief based on Hicks in the district court. Buckley has not filed a reply brief.

"[A} contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief." Johnson v. Puckett, 176 F.3d 809, 814 (5th Cir. 1999)(internal citation and quotation omitted). After a careful review of Buckley's filings in the district court, we conclude that Buckley failed to raise a claim based on Hicks. Buckley did not cite to Hicks, nor to Article 44.29(b), in any of his filings in the district court. We therefore cannot consider the claim on appeal. See id.

Buckley also contends that the state appellate court violated his due process rights in its resolution of his direct appeal. Because this claim was adjudicated on the merits by the state habeas court, we review it under the deferential standards of 28 U.S.C. § 2254(d).

The state appellate court affirmed Buckley's sentence after taking judicial notice of its own records, which showed that the conviction alleged in Buckley's first enhancement paragraph was final before Buckley committed the cocaine offense.  Buckley has not shown that the state appellate court's disposition of his direct appeal violated his federal due process rights.  It is permissible for a court to "take judicial notice of its own records or of those of inferior courts."  See ITT Rayonier, Inc. v. United States, 651 F.2d 343, 345 n.2 (5th Cir. 1981); see also Dillard v. Roe, 244 F.3d 758, 769-70 (9th Cir. 2001).  Moreover, the state appellate court's disposition, if error, does not give rise to habeas relief.  See Skillern v. Estelle, 720 F.2d 839, 852 (5th Cir. 1983).

Accordingly, we AFFIRM the judgment of the district court. Buckley's motion for appointment of counsel for the purpose of presenting oral argument is DENIED as MOOT.