# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41140
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

EJALTE DELEON,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1743-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

　　After pleading guilty to conspiring to possess with intent to distribute a controlled substance, Ejalte Deleon was sentenced to 151 months of imprisonment. On appeal, Deleon raises issues pertaining to the determination of his offense level under the Sentencing Guidelines.

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41140

Deleon first challenges the denial of credit for acceptance of responsibility under U.S.S.G. § 3E1.1. He asserts that he adequately and timely accepted responsibility for his drug conspiracy offense, and he argues that he should have been presumed innocent of the additional criminal charge of transporting an illegal alien, which was lodged against him based on his conduct while on pretrial release. Deleon notes that, when his sentencing hearing was held, he had not yet pleaded guilty to the alien transportation charge. He contends that there was no reliable evidence presented at the sentencing hearing to show that he did not withdraw from criminal conduct and that his mere arrest on the charge of transporting an illegal alien is not enough to warrant denial of acceptance of responsibility.

We are entitled to take judicial notice of the records of the district court. *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981). In view of the criminal complaint and sworn affidavit detailing Deleon's alleged conduct underlying the alien transportation charge, to say nothing of his subsequent guilty plea to that charge, we conclude that the district court's denial of a § 3E1.1 reduction was not without foundation and should be upheld. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

Deleon next raises a challenge to the denial of a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2. However, he fails to argue in his brief that a mitigating role adjustment was warranted under the facts of his case. He has therefore waived the issue. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010); *see also* FED. R. APP. P. 28(a)(8)(A). In any event, our review shows that the district court's determination that Deleon was not a minor or minimal participant is plausible in light of the record read as a whole, and therefore not clearly erroneous. *See United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017).

No. 17-41140

The primary argument raised in Deleon's brief as to the mitigating role issue is that the district court erred by failing to provide a sufficient explanation for its denial of the adjustment. However, because Deleon did not object in the district court to the sufficiency of the district court's explanation for denying a mitigating role, his challenge is subject to plain error review. *See United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014). Deleon fails to meet the plain error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

As his third and final issue, Deleon contends that the district court clearly erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of dangerous weapon. The enhancement was imposed on the basis of a pellet gun found under a sofa seat cushion in the living room of the stash house that Deleon rented to facilitate the operations of a drug cartel. Deleon argues that the Government failed to prove that he possessed the pellet gun; however, as determined by the district court, Deleon controlled the stash house and thus may be deemed to have been in constructive possession. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). Deleon also contends that there was no evidence that the pellet gun was close to the narcotics stored within the stash house; however, the record establishes that narcotics were found at the entrance of the stash house. Deleon has failed to establish clear error. *See United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016); *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

AFFIRMED.