# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40330
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JUAN GABRIEL CISNEROS,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CV-279
USDC No. 4:95-CR-196-7

Before SMITH, WIENER, and WILLETT, Circuit Judges

PER CURIAM:[*]

Juan Cisneros, federal prisoner #40178-079, filed a 28 U.S.C. § 2255

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40330

motion to challenge his guilty-plea conviction of conspiring to aid and assist in the escape of persons in the custody of the Attorney General, for which he was sentenced to 24 months to run consecutively to a sentence of life that Cisneros had received in another criminal case. The district court recharacterized the § 2255 motion as a motion under Federal Rule of Civil Procedure 60(b) and denied it; the court also addressed the merits of numerous claims raised in Cisneros's § 2255 motion and determined that they lacked merit. This court granted a certificate of appealability ("COA") on several issues.

As a preliminary matter, Cisneros has moved this court to take judicial notice of an order issued by the district court in a similar case involving a different defendant. We may take judicial notice of our own records or those of inferior courts. *See ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. Unit B July 1981). Accordingly, we grant Cisneros's motion, although it is unnecessary for us to consider the order in resolving this appeal.

On the record before us, we agree with Cisneros that the district court erred to the extent that it treated his filing as a successive § 2255 motion. That is because, in connection with a Rule 60(b)-denominated motion filed by Cisneros in 1996, which the district court recharacterized as a § 2255 motion, we see no indication in the record that Cisneros was provided the warnings required under *Castro v. United States*, 540 U.S. 375 (2003). Under *Castro*, when a federal court recharacterizes a *pro se* litigant's filing as a first § 2255 motion, it is required to

> notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383. Where a court recharacterizes a motion as a first

2

§ 2255 motion without providing the protections required by *Castro*, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id.*

We also take note of an error in a related case. In April 1998, Cisneros filed a § 2255 motion, which the district court denied after finding that Cisneros's case had already been dismissed. Cisneros filed two motions for reconsideration of that order, contending that his April 1998 § 2255 motion was improperly docketed in the civil case associated with his challenge to his conviction for conspiracy to escape. The district court denied both of those motions. Cisneros then sought a COA from this court on the denial of reconsideration. In an order issued before *Castro*, we denied that COA motion based on a determination that Cisneros's April 1998 § 2255 motion was an unauthorized, successive motion. *See United States v. Cisneros*, No. 99-40357 (Mar. 2, 2000) (unpublished). Because Cisneros's first post-conviction motion does not count as an initial § 2255 motion, *see Castro*, 540 U.S. at 383, his April 1998 motion should not have been treated as successive.

Further, although federal courts "sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category," *id.* at 381, we agree with Cisneros that, based on the record before us, the district court erred in doing so with respect to the instant § 2255 motion. Because § 2255 provides the primary means of collaterally attacking a federal conviction or sentence, and Cisneros's § 2255 motion was not successive, he appropriately proceeded under § 2255 to attack his conviction and sentence on the charge of conspiracy to escape. *See Reyes-Requena v. United States*, 243 F.3d 893, 897−99 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877−78 (5th Cir. 2000).

Finally, Cisneros maintains that the district court erred in denying relief

No. 17-40330

on his claims that his trial counsel was ineffective in connection with his guilty plea and for failing to file a notice of appeal. Cisneros avers that the district court should have conducted an evidentiary hearing on those claims. Because "the motion, files, and records" do not "conclusively show that [Cisneros] is entitled to no relief" on the above claims, we agree that the district court erred to the extent it denied relief based on the merits of the claims. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992); *see United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

The judgment is VACATED and REMANDED. We place no limitation on the matters that the district court can consider on remand, and we intimate no view on how it should rule on any issue. The motion for judicial notice is GRANTED.