[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14431

Non-Argument Calendar

_____

RICKEY LEE CHRISTMAS,

Plaintiff-Appellant,

*versus*

GRADY JUDD,
Individual and Official Capacity; Polk County Sheriff,
MANUEL PALMA,
Individual and Official Capacity; Polk County Sheriff,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00742-VMC-TGW

_____

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Rickey Lee Christmas filed a pro se complaint bringing claims under 42 U.S.C. § 1983 and the Florida Constitution. The district court dismissed his complaint as time-barred. Christmas appealed, but in doing so failed to challenge the district court's conclusion that he filed his claims after the applicable statute of limitations had run. We therefore affirm the district court's dismissal of his complaint.

In January 2015, officer Manuel Palma performed a protective sweep of Christmas's home and found methamphetamine. That October the State brought drug-trafficking charges against Christmas, and in May 2016 the State imprisoned him pending trial. Since his imprisonment, Christmas has filed fourteen federal complaints alleging violations of his constitutional rights. This suit arises from his twelfth complaint, where he alleges that the search uncovering the illicit drugs was unreasonable and that he has been falsely imprisoned.

20-14431                Opinion of the Court                3

Under the Prison Litigation Reform Act, the district court needed to screen that complaint and to dismiss any portion of it that was frivolous, that was malicious, or that failed to state a claim. 28 U.S.C. § 1915A(a), (b)(1).   When the court performed this screening, it determined that Christmas's claims were barred by the applicable statute of limitations and dismissed them.  This appeal followed.

We review de novo a dismissal of a complaint under the Prison Litigation Reform Act.  *Douglas v. Yates*, 535 F.3d 1316, 1319–20 (11th Cir. 2008).  Where, as here, the plaintiff filed the complaint pro se, we take the complaint's allegations as true and construe them liberally.  *Id.* at 1320.

We also read liberally the briefs of pro se litigants like Christmas.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  But we nonetheless treat as abandoned arguments that a pro se litigant fails to make.  *See id.*  And here Christmas never argues that the statute of limitations did not expire.  Instead, Christmas asks this court to grant him the opportunity not to be time-barred.

That request, read generously, sounds like an argument for equitable tolling.  But equitable tolling is unwarranted here.  To receive it, Christmas must show that he had been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing."  *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc).  Yet no extraordinary circumstance prevented him from filing complaints;

since his imprisonment in 2016, he has filed fourteen § 1983 complaints in the district court.[1]  And nothing suggests that Christmas could not file these claims in particular.  Christmas asserts that he was denied his "discovery," which he says prevented him from filing this case "on time."  Whatever that discovery might have been, in 2019 he had the information necessary to file a similar complaint alleging that the protective sweep was unreasonable and that he was falsely imprisoned.  And to that complaint he attached state-court documents challenging the search—from 2016.  Christmas's delay in filing this complaint, then, apparently results from his choice to pursue other § 1983 claims and not from any extraordinary obstacle in his way.  So his argument for equitable tolling fails.

We therefore **AFFIRM** the district court's decision.

---

[1] An appellate court reviewing a district court's dismissal of a complaint can take judicial notice of district-court and state-court documents.  *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. Unit B July 1981).