[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11648

Non-Argument Calendar

_____

HENRY RAY CAMPBELL,

Plaintiff-Appellant,

*versus*

ADVANCED CORE CONCEPTS LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00360-MTT

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Henry Ray Campbell, proceeding *pro se*, appeals the district court's judgment in favor of his former employer, Advanced Core Concepts LLC (ACC). The district court concluded that the unsuccessful resolution of Campbell's earlier case against ACC barred his new claim under the doctrine of *res judicata*. On appeal, Campbell argues that the manifest injustice exception to *res judicata* should apply to allow his claim against ACC under the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409, to proceed. Upon review, we affirm.

## I.

We provide a brief overview of the facts relevant to this appeal. On November 26, 2018, Campbell sued ACC alleging employment discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623. The district court granted summary judgment for ACC. Four days later, Campbell filed the instant lawsuit again alleging wrongful termination but this time claiming that ACC retaliated against him under Section 2409. The district court dismissed Campbell's claim with prejudice, and he timely appealed.

## II.

We review *de novo* a district court's dismissal of a complaint based on *res judicata*. *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). We also review *de novo* a district court's grant of summary judgment, using the same legal standards applied by the district court. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). A *pro se* party abandons an issue, however, by failing to argue it in his brief by making only passing or conclusory references to an argument. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In determining whether the movant has met this burden, courts must view the evidence in the light most favorable to the non-movant. *Alvarez*, 610 F.3d at 1263–64. We may take judicial notice of a prior case's docket in determining whether *res judicata* applies. *See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892–93 (11th Cir. 2013); *see also ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. Unit B 1981) ("A court may . . . take judicial notice of its own records or of those of inferior courts.").

## III.

*Res judicata*, or claim preclusion, "'will bar a subsequent action if: (1) the prior decision was rendered by a court of competent

jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Jang*, 206 F.3d at 1149 (quoting *Israel Disc. Bank, Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992)). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999) (citation omitted). "Importantly, this bar pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (internal citation omitted).

The Supreme Court "has cautioned against departing from accepted principles of res judicata." *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1294 (11th Cir. 2010) (citing *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 401 (1981)). In *Griswold*, we found that even if a "manifest injustice" exception were to exist, the application of *res judicata* would not be unjust because the appellant could have advanced his claims during his control of the prior litigation and thus had already had his day in court. *Griswold*, 598 F.3d at 1294.

Even liberally construing Campbell's brief, he fails to argue that the district court erred in determining that *res judicata* barred his second suit. Instead, his argument focuses on the merits of his claims against ACC and never engages the elements of *res judicata*, including whether the cause of action from his previous suit was

different from the instant one. *Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d at 682. Accordingly, Campbell has abandoned any challenge to the district court's determination as to *res judicata*.

Even if Campbell had not abandoned this argument, it would fail on the merits. The district court correctly determined that *res judicata* barred Campbell's claim because it arose from the same nucleus of operative fact as his prior claim. In other words, both claims were based on the same factual predicate—ACC's adverse employment actions. And the parties do not dispute that the prior decision was rendered by a court of competent jurisdiction, there was a final judgment on the merits, and the parties were identical in both suits. On appeal, Campbell argues that the "manifest injustice" exception to *res judicata* should apply. But even assuming such an exception exists, Campbell provides no compelling reason for applying it here. As the district court pointed out, Campbell could have brought his whistleblower retaliation claim by amending his complaint in the initial suit, but he instead waited until shortly after that suit was resolved to file a new lawsuit.

Finally, we note that ACC has moved for litigation sanctions pursuant to Federal Rule of Appellate Procedure 38. But we are reluctant to impose Rule 38 sanctions on *pro se* appellants unless they have been explicitly warned that that their claims were frivolous. *See United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008). Because Campbell was not so warned, we deny ACC's motion. By denying sanctions for Campbell's actions on appeal, we do not mean to prejudge whether the district court could or should impose sanctions based on his actions in that court.

6                         Opinion of the Court                    21-11648

## IV.

For the foregoing reasons, we **AFFIRM** the district court's judgment and **DENY** ACC's motion for sanctions.