# United States Court of Appeals for the Fifth Circuit

No. 22-20501

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2023

Lyle W. Cayce
Clerk

KELVIN D. BROWN,

*Plaintiff—Appellant*,

*versus*

NEXTIER COMPLETION SOLUTIONS INCORPORATED,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2892

Before JOLLY, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Kelvin D. Brown appeals the district court's order dismissing his case with prejudice. The dismissal was entered pursuant to his signed and executed settlement agreement and release. Because Brown voluntarily settled his case, we dismiss this appeal for lack of jurisdiction.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-20501

## I.

In March of 2021, Brown brought this action pro se in Texas state court. He challenged his employment termination by Defendant-Appellant NexTier, claiming race discrimination under Title VII of the Civil Rights Act of 1964. NexTier removed the case to federal court, asserting federal question jurisdiction. Soon thereafter, the parties began protracted settlement discussions.

After several months of negotiations, the parties reached a settlement agreement. The settlement agreement provided: (1) that Brown agreed to a full and final release of all claims against NexTier; (2) that in exchange for Brown's release, NexTier would pay Brown $30,000; (3) that the agreement was executed knowingly and voluntarily by both parties; (4) that Brown made the knowing and voluntary choice to proceed pro se; and (5) that the parties would stipulate to dismissal of Brown's claims with prejudice.

Brown signed and returned the settlement agreement to NexTier. NexTier notified the district court of the settlement, and of a joint stipulation of dismissal that the parties intended to file. The district court entered an order dismissing the lawsuit without prejudice to the right of counsel to move for reinstatement of the case within ninety days if the terms of the settlement were not fulfilled. NexTier then paid Brown the $30,000 as promised, which Brown accepted. Brown, however, refused to stipulate to a dismissal. Nevertheless, having found that the settlement agreement resolved the dispute between the parties, the district court dismissed Brown's claims with prejudice as fully settled on the merits.

Brown appealed the dismissal of this case, contending that he did not voluntarily execute the settlement agreement and release but did so under duress.

## II.

We can dispose of this appeal rather quickly. "Generally[,] settlement of a dispute between two parties renders moot any case between them growing out of that dispute." *John Doe # 1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004) (quoting *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. Unit B July 1981)). In the appeal before us, all disputes between the parties to the underlying litigation have been settled. NexTier has tendered its consideration ($30,000) in exchange for Brown's release and waiver of all claims related to his employment at NexTier. Brown accepted, as consideration, the $30,000 payment. Brown, however, failed to honor his obligations under the agreement by refusing to stipulate to dismissal. Nevertheless, it was within the district court's inherent power to enforce the satisfied settlement agreement by dismissing Brown's claims. *Seattle-First Nat'l Bank v. Manges*, 900 F.2d 795, 800 (5th Cir. 1990). Accordingly, the settlement agreement, including the acceptance of the $30,000 by Brown (which has not been returned) ended the dispute and thus this appeal is moot. *In re S. L. E., Inc.*, 674 F.2d 359, 364 (5th Cir. 1982).

To be sure, Brown argues that he did not voluntarily execute the settlement agreement, thereby rendering the agreement invalid. But "[e]ven if a release is tainted by misrepresentation or duress, it is ratified if the releasor retains the consideration after learning that the release is voidable." *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 937 (5th Cir. 1994). Here, as noted, Brown has retained the consideration he received from NexTier. Thus, Brown has ratified the release and has no basis to support that the settlement agreement was executed involuntarily. *See id.*; *Jarallah v. Sodexo, Inc.*, 452 F. App'x. 465, 468 (5th Cir. 2011) (per curiam).

No. 22-20501

As there is no justiciable dispute between the parties to this appeal, this court lacks jurisdiction to entertain the appeal. Accordingly, the appeal is

DISMISSED.