# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60428
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CURTIS J. HARDY,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-68-1

————————————————————

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Proceeding *pro se*, Curtis J. Hardy, federal prisoner # 01102-043, appeals the district court's denial on remand of his motion for compassionate release. The district court determined that Hardy failed to demonstrate "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i).

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60428

The district court also independently denied compassionate release based on its assessment of the sentencing factors of 18 U.S.C. § 3553(a).

To the extent that Hardy contends the district court failed to comply with *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), his argument is conclusory and inadequately briefed. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Hardy likewise fails to show that the district court acted vindictively by denying compassionate release on account of his filing of a petition for a writ of mandamus. *See United States v. Moore*, 997 F.2d 30, 38 (5th Cir. 1993). With respect to his challenge to the district court's determination that he made a false statement during a hearing on his compassionate release motion, Hardy has not shown that the district court abused its discretion by failing to conduct another hearing to determine whether the statement in question was false, nor has he shown that the district court abused its discretion by taking judicial notice of its own records. *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981). Further, to the extent that Hardy argues the district court erred in determining that his statement was false, his contention fails because the district court did not err in crediting the report of a law enforcement officer over Hardy's testimony. *See United States v. Posada-Rios*, 158 F.3d 832, 881 (5th Cir. 1998).

Hardy argues that the district court failed adequately to address the arguments he made in favor of compassionate release. He asserts that additional explanation was required. However, contrary to Hardy's contentions, the district court's thorough order demonstrates consideration of the arguments before it. *See Concepcion v. United States*, 597 U.S. 481, 502 (2022).

As to the district court's weighing of the § 3553(a) factors, Hardy contends that the district court erred because it merely recounted the

considerations that supported his original sentence and failed to determine whether the § 3553(a) factors were inconsistent with a sentence reduction in light of the extraordinary and compelling reasons he identified. He argues that the district court erred by basing its assessment of the § 3553(a) factors solely on its unfavorable assessment of his rehabilitation and his criminal history, while disregarding all other factors. Hardy asserts that his conduct in prison and his rehabilitative efforts have been exemplary and support his motion for compassionate release. He contends that his service of two decades of imprisonment has fulfilled the goals of sentencing, that he is unlikely to recidivate and is not prone to violence, and that his sentence must be reduced to avoid an unwarranted sentencing disparity. The above arguments merely reflect Hardy's disagreement with the district court's assessment of the § 3553(a) factors, which is not a basis for determining that the district court abused its discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

In view of the foregoing, Hardy fails to show that the district court abused its discretion in independently basing its denial of compassionate release on the § 3553(a) factors. *See id.* at 693–94. We therefore need not consider Hardy's arguments regarding the existence of extraordinary and compelling circumstances warranting compassionate release or his alleged exposure to cruel and unusual punishment. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022).

The decision of the district court is AFFIRMED. Hardy's motion for compassionate release is DENIED. His motion to file a supplemental brief is also DENIED.